No. 23-3089

_____

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

_____

**UNITED STATES OF AMERICA,**
Appellee,

**vs.**

**KENNETH HARRELSON, KELLY MEGGS, JESSICA WATKINS, ELMER STEWART RHODES, III**
Appellants.

_____

Consolidated with 23-3090, 23-3097, 23-3098

### APPELLANT MEGGS' RESPONSE IN SUPPORT WITH REQUEST TO STAY THE BRIEF SCHEDULE

Mr. Meggs agreed yesterday to the government's proposal prior to the government's filing the Motion to Vacate Convictions and to Remand for Dismissal (Document #2168665); and adds his justification below for why the Court should grant the Motion, and respectfully requests that the Court stay the briefing schedule, and provides in support:

Mr. Meggs' Joint Appellant's Brief (the "Brief") is due April 17, 2026. Under the circumstances, the issuance of a stay of the Briefing Schedule will support efficiency and the interests of justice since the

Court may require some time to issue its Order on the Motion. It is in the interests of justice to stay the Brief schedule for efficiency, and to reduce uncertainty regarding the use of resources over these next few days (resources include pro bono, CJA and FPD attorneys' time, with taxpayer and Court dollars funding CJA and FPD attorneys' time in the final stages for the Brief that requires compiling the sections with final edits and review to ensure 40,000 words or less, review for completeness of the Joint Appendix, completion of separate delivery of video and audio exhibits in accordance with Court procedures, and FPD staff with costs to prepare and print the required copies of the lengthy 40,000 word brief and multi-volume joint appendix).

In support of the Motion, Mr. Meggs adds that for the Seditious Conspiracy charge, his argument in the brief includes asking the Court to overturn the conviction because the indictment was constructively amended and broadened at trial (issue preserved) in violation of his Fifth and Sixth Amendment rights. This issue and argument standing alone support this Court's granting the government's Motion for vacatur. The Brief includes numerous other constitutional violations (First, Second, Fifth, Sixth Amendments) and misapplication of the laws where some

2

individually but all as a whole support the Motion for vacatur. Should the Court require the Appellants' Brief to support the vacatur Motion, Mr. Meggs requests that the Appellants be given three days to complete work to then file the Brief and Joint Appendix (without hard copies).

Should the Court for any reason be disinclined to grant the government's Motion prior to completion of the full briefing process (which will continue the injustice to Appellants for up to one year given the times allowed for the Appellee's Brief, Appellant Reply, and oral argument),  Mr. Meggs proposes another alternative, considering that the government wrote that it will file a Rule 48(a) motion at district. The Court can order a limited (specific) remand for the government to file and the district court to accept a Rule 48(a) Motion to Dismiss the Indictment with Prejudice. That would follow the same procedure applied in an analogous case, where without a January 6th pardon and without briefs filed, the Fourth Circuit ordered a limited remand for a Rule 48(a) filing in Case No. 24-4543, *United States of America v. Elias Nick Costianes* (Appellant). In that case, the briefs had not been submitted and the district court on limited remand ruled that the January 6th pardon did not apply. The government requested and the 4th Circuit Court granted

a limited remand for a Rule 48(a) filing. The government filed and the district court granted the Rule 48(a) where DOJ reasons included its decision to not further prosecute and for the interests of justice. (1:21-cr-00458-JKB, ECF #s 182 and 184).

Mr. Meggs' wholeheartedly supports the government's Motion for vacatur and explains above why it will be in the interests for justice. He requests a stay while the Court decides.  He asks that rather than denial of the Motion should that be the Court's initial tendency, that in the alternative the Court consider either requesting the Appellant's Brief (without hard copies) to verify the issue(s) that support vacatur, or using the alternative of ordering limited remand for a Rule 48(a) Motion to dismiss the indictment.

## CONCLUSION

Wherefore, for good cause shown, the Court should Order the Briefing Schedule stayed, and grant the Motion to Vacate and Remand for Rule 48(a) dismissal of the Indictment. In the alternative, if the Court wants further support, it can Order the Appellants' Brief be provided (with three days' notice) to validate the interests of justice vacatur, if that is in question. In another alternative, the Court can order a limited

4

remand for a government submission of its intended Rule 48(a) at the district court.

Dated April 15, 2026

Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Bar # 64495
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
E: Carolstewart_esq@protonmail.com
Counsel for Kelly Meggs

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1. This motion complies with the type-word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 738 words.

2. This brief above complies with the requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

/s/ Carolyn Stewart
Carolyn Stewart, Esq

## CERTIFICATE OF SERVICE

I hereby certify on the 15th day of APRIL 2026, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart
Carolyn Stewart, Esq.

6